**FILED**
**Sep 18, 2019**
**02:33 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | |
|---|---|
| IFRAH EGEH, | ) Docket No. 2018-05-1307 |
| **Employee,** | ) |
| v. | ) State File No. 42408-2017 |
| | ) |
| TYSON FOODS, INC., | ) Judge Dale Tipps |
| **Employer.** | ) |

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

This case came before the Court on September 17, 2019, for an Expedited Hearing on whether Ms. Egeh is entitled to payment of her past medical bills. To receive these benefits, Ms. Egeh must show that she is likely to establish at a hearing on the merits that her need for medical treatment arose primarily out of and in the course and scope of her employment. For the reasons below, the Court holds Ms. Egeh failed to meet this burden and is not entitled to the requested benefits at this time.

### History of Claim

While working for Tyson on October 3, 2016, Ms. Egeh became dizzy and passed out. Coworkers called a company nurse, who examined her and called an ambulance, which transported her to the emergency room.

The emergency room attending physicians discharged Ms. Egeh after an EKG, a CT scan, and bloodwork. She sought no follow-up treatment. When she filed a Petition for Benefit Determination several months later, Tyson provided a panel of physicians from which Ms. Egeh selected Dr. Lana Beavers.

The parties introduced no records from Dr. Beavers, other than her response to a letter from Tyson's claims administrator. In that letter, she diagnosed Ms. Egeh's medical event as syncope and hypokalemia. Asked whether Ms. Egeh's work was the primary cause of her need for medical care, Dr. Beavers responded, "It is <u>possible</u> that the need for medical care was a result of work and patient's hypokalemia resulted from dehydration while working." (emphasis in original.)

1

Ms. Egeh requested that the Court order Tyson to pay the ambulance and emergency room expenses and to reimburse her for sums she paid the hospital. She also requested attorney fees.

Tyson contended that Ms. Egeh did not provide proper notice of her claim. It also argued she failed to prove she is likely to establish that her need for treatment arose primarily out of and in the course and scope of her employment. Tyson asked the Court to deny her request.

**Findings of Fact and Conclusions of Law**

Ms. Egeh must provide sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

*Notice*

Tennessee Code Annotated section 50-6-201(a)(1) provides that an injured employee must give written notice of an injury within fifteen days unless it can be shown that the employer had actual knowledge of the accident or that "reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal." Further, Tennessee Code Annotated section 50-6-201(a)(3) provides that failure to give notice will not bar a claim unless the employer can show it was prejudiced by the lack of notice. Prejudice may be found if the employer is denied the opportunity to make an investigation while the facts are accessible or to provide timely and proper treatment for the injured employee. *See Masters v. Indus. Garments Mfg. Co.*, 595 S.W.2d 811, 815 (Tenn. 1980).

Tyson contended that it had no knowledge of Ms. Egeh's belief that this incident was work-related until she filed a petition for benefit determination several months later. However, even if this were true, Tyson presented no evidence of any prejudice to its ability to defend this claim or provide proper medical treatment. For this reason, the Court holds that Ms. Egeh is likely to prevail at a hearing on the merits on the notice issue.

*Compensability*

To prove a compensable injury, Ms. Egeh must show that her alleged injury arose primarily out of and in the course and scope of her employment. To do so, she must show, "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the

2

opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14).

Tyson does not dispute that Ms. Egeh lost consciousness at work. The question, however, is whether she appears likely to prove at a hearing on the merits that her work caused the syncope or her need for treatment. The Court cannot find at this time that she is likely to meet this burden.

The only medical opinion before the Court is Dr. Beavers's, who said it was possible that Ms. Egeh fainted because of her work. However, establishing the *possibility* that an employee's work caused their injury is not the legal standard for determining compensability. Rather, as noted above, the current statute requires proof that the injury arose *primarily* out of and in the course and scope of employment. Thus, Dr. Beavers's opinion that Ms. Egeh's work possibly caused her loss of consciousness is insufficient, without more, to establish causation.

Ms. Egeh appeared sincere in her belief that her work activities caused her to incur the medical bills at issue. However, the Court must abide by the causation requirements of the Workers' Compensation Law and cannot infer from the mere existence of her condition that it arose primarily out of her employment. Because Ms. Egeh failed to present any evidence that her need for medical treatment arose primarily out of her work injury, the Court cannot find at this time that she appears likely to prevail on a claim for payment of her medical expenses.[1] For the same reason, the Court denies her request for attorney fees at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Egeh's claims against Tyson for the requested medical benefits and attorney fees are denied at this time.

2. This case is set for a Scheduling Hearing on November 21, 2019, at 9:00 a.m. You must call toll-free at 855-874-0473 to participate. Failure to call might result in a determination of the issues without your further participation. All conferences are set using Central Time.

**ENTERED September 18, 2019.**

---

[1] Ms. Egeh suggested that Tyson should pay her medical expenses because it summoned medical help on its own initiative rather than at her request. She provided no legal authority for this proposition, and the Court is unaware of any such authority, especially in the Workers' Compensation Law.

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Affidavit of Ifrah Egeh
2. Affidavit of Tiffany Calendar
3. C-42 Choice of Physician Form
4. Dr. Beavers's response to causation letter
5. Records from Tennova Healthcare
6. Medical bills

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Position Statement

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on September 18, 2019.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Richard L. Dugger, Employee Attorney | | X | Rldugger55@yahoo.com Gprwinsett710@gmail.com |
| Heather H. Douglas, Employer Attorney | | X | hdouglas@manierherod.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____

**Employee**

v.

_____

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information
**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties
**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

**Appellee(s)**
**Appellee (Opposing Party):**_____ At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone: _____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

**CERTIFICATE OF SERVICE**

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____day of _____, 20___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                      RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month          Medical/Dental  $ _____ per month

Groceries          $ _____ per month          Telephone       $ _____ per month

Electricity        $ _____ per month          School Supplies $ _____ per month

Water              $ _____ per month          Clothing        $ _____ per month

Gas                $ _____ per month          Child Care      $ _____ per month

Transportation  $ _____ per month             Child Support   $ _____ per month

Car                $_____ per month

Other              $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____          (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____          (FMV) _____

Other                   $ _____          Describe: _____

11. My debts are:

Amount Owed                    To Whom

_____              _____

_____              _____

_____              _____

_____              _____


**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**


_____
APPELLANT


Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.


_____
NOTARY PUBLIC

My Commission Expires:_____